UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                             Case No. 08-20022

LAURYE LESHAW MITCHELL,           HON. AVERN COHN

    Defendant.

_____/

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 (Doc. 73)

I.

This is a criminal case.  In 2009, defendant was convicted of two counts of bank robbery, in violation of 18 U.S.C. § 2113(a).[1]  Because defendant had two prior state convictions for bank robbery, he was considered a career offender under U.S.S.G. §4B1.1 on the grounds his prior convictions constitute "crimes of violence" under U.S.S.G. § 4B1.2(a).  He was sentenced to 151 months imprisonment.

Before the Court is defendant's motion to vacate under 28 U.S.C. § 2255 (Doc. 73).[2]  Defendant raises two arguments:  (1) the federal bank robbery statute cannot qualify as a violent felony and (2) that under Johnson v. United States, 135 S. Ct. 2551

---

[1] This case was originally before Judge Gerald E. Rosen.  It was reassigned to the undersigned upon Judge Rosen's retirement.

[2] This is defendant's second motion under § 2255.  The Court of Appeals for the Sixth Circuit gave defendant permission to file a second motion based on Johnson.  See Doc. 71.  Counsel was later appointed for defendant to assist in filing the motion.  See Doc. 72.

(2015) his prior convictions for bank robbery are no longer "crimes of violence" under U.S.S.G. § 4B1.1.

For the reasons that follow, the motion is DENIED.

II.

Title 28 U.S.C. § 2255 provides:

> "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, ... or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

To prevail under § 2255, defendant must show a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Timmreck, 441 U.S. 780, 783 (1979) (quoting Hill v. U.S., 368 U.S. 424, 428 (1962)).

III.

Defendant primarily seeks relief under based on the new, retroactively applicable right recognized by the Supreme Court in Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, 135 S. Ct. 2551 (2015), the Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), which defines the term "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson announced a substantive rule of constitutional law that applies retroactively to ACCA cases on collateral review.

2

IV.

A.

First, defendant's challenges his career offender designation under the sentencing guidelines based on Johnson, i.e. vagueness, fails. The Supreme Court has recently held that the sentencing guidelines are "not amenable to vagueness challenges." Beckles v. United States, 137 S. Ct. 886, 894 (2017). As a result, the Johnson decision does not provide a basis for vacating, setting aside, or correcting defendant's career offender designation under Section 4B1.1.

B.

Defendant's argument that the federal bank robbery statute is not a crime of violence is foreclosed based on the Sixth Circuit's decision in United States v. McBride, 826 F.3d 293 (6th Cir. 2016). In McBride, the Sixth Circuit rejected the argument that bank robbery does not qualify as a crime of violence because it may be committed through the use of intimidation rather than force.

C.

Defendant's argument that Michigan's bank robbery does not constitute a crime of violence also fails. In United States v. Goodson, 2017 WL 2772172 (6th Cir. June 26, 2017),[3] the Sixth Circuit held that Michigan's bank robbery statute qualifies as a crime of violence under the residual clause of the guidelines. See Goodson, 2017 WL 22772172 at *4 ("we have no doubt that the crime of bank robbery [under Michigan law] qualifies

---

[3]The government filed a supplemental response (Doc. 77) urging the Court to stay proceedings pending the Sixth Circuit's decision in Goodson noting that it would affect the outcome of defendant's motion. The Goodson decision issued shortly after the government filed the supplemental response.

as a predicate offense under the residual clause of the Guidelines.").

V.

For the reasons stated above, defendant's motion is DENIED.

SO ORDERED.

                                                <u>S/Avern Cohn</u>  
                                                AVERN COHN  
                                                UNITED STATES DISTRICT JUDGE

Dated: July 20, 2017  
       Detroit, Michigan